**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SEA TOW SERVICES**
**INTERNATIONAL, INC.,**

    **Movant,**

v.                                                      **Case No.: 8:26-mc-10-WFJ-AAS**

**RYAN HURLEY,**

    **Respondent.**

_____/

## ORDER

Sea Tow Services International, Inc. (Sea Tow) moves to enforce the subpoena served on Ryan Hurley and compel Mr. Hurley's deposition attendance, and production of documents responsive to the subpoena. (Doc. 1). Mr. Hurley, proceeding pro se, responded in opposition. (Doc. 12). Mr. Hurley requests the court quash the subpoena, or alternatively to modify the subpoena. (Doc. 12).

### I.      Background

The underlying action is pending in the United States District Court for the Eastern District of New York and arises out of the termination of a management agreement between Sea Tow and Tampa Bay Marine Recovery,

1

Inc.[1] In that action, Sea Tow asserts post-termination trademark infringement and dilution claims against Tampa Bay Marine Recovery, Inc., Erich A. Jaeger, and Abigail Jaeger. In turn, the defendants assert counterclaims against Sea Tow. Pertinently, the Eastern District of New York determined that the defendants' post-termination maritime savage business operations are relevant to the claims and defenses in the underlying litigation.

Mr. Hurley is a non-party witness in the underlying action. He was employed by Sea Tow Tampa Bay as an Emergency Response Captain.[2] Sea Tow served Mr. Hurley with a subpoena on February 11, 2026, and Mr. Hurley timely served written objections. The United States District Court for the Eastern District of New York denied the defendants' motion for protective order and/or to quash the subpoena served on Mr. Hurley. Mr. Hurley does not contest the procedural validity of the subpoena.

## II.   Analysis

"A nonparty may object and move to quash a subpoena on the ground that it imposes an undue burden." *Costa v. Metro. Life Ins. Co.*, No. 617CV714ORL40TBS, 2018 WL 1635642 at *5 (M.D. Fla. Apr. 5, 2018); Fed.

---

[1] The case number is 20cv2877-WFK-SIL.

[2] Sea Tow's motion states Mr. Hurley "possibly still is" employed by the Jaegers. (Doc. 1, p. 12).

2

R. Civ. P. 45(d)(3)(A)(iv). It is the nonparty's burden to make this showing. *Id.* "In deciding whether a subpoena imposes an undue burden courts balance the requesting party's need for the discovery against the burden imposed on the subpoenaed party." *Id.* (citation omitted). The following are six factors the court considers in making this determination:

(1) the relevance of the information requested;

(2) the need of the requesting party for its production;

(3) the breadth of the request for production;

(4) the time period covered by the subpoena;

(5) the particularity with which the subpoena describes the requested production; and

(6) the burden imposed on the subpoenaed party.

(*Id.*); *Schaaf v. SmithKline Beecham Corp.*, No. 3:06CV120 J25TEM, 2006 WL 2246146 at *2 (M.D. Fla. Aug. 4, 2006).

The subpoena Sea Tow served on Mr. Hurley requests from the time period of June 26, 2020 to the date of Mr. Hurley's production:

> Any and all documents and data concerning, comprising or consisting of communications (email, text, correspondence, electronic messaging or otherwise) concerning maritime business solicited and/or conducted by any of the following including any contracts, invoices, and indicia of payment with, to or from any of the following; and vessels or other equipment offered for sale, used, sold or otherwise discussed with or concerning any of the following:

3

(a) Erich Jaeger, Abigail Jaeger and/or Kathleen Moreno
(b) Maverick Marine Services, LLC,
(c) Maverick Fishing Charters,
(d) Tampa Bay Marine Recovery, Inc.,
(e) Tampa Bay Marine Towing & Service, Inc.,
(f) Sea Tow Tampa Bay (to the extent not covered in the foregoing).

(Doc. 1-1).

The United Stated District Court for the Eastern District of New York denied the Jaegers' motion to quash and overruled the Jaegers' confidentiality and undue burden objections. That Court found that "Plaintiffs are entitled to test the Jaegers damages assertions . . ., which is what the subpoenas are directed toward."[3] This undersigned agrees with the Eastern District of New York that the requested information is relevant.

Mr. Hurley does not suffer any undue burden or undue expense by being compelled to attend the deposition. Sea Tow requests to enforce the subpoena and compel Mr. Hurley's in-person attendance for a deposition within 30 miles of his residence. *See* Fed. R. Civ. P. 45(c) ("A subpoena may command a person to attend a . . . deposition . . . within 100 miles of where the person resides").

However, Mr. Hurley, as a nonparty, is unduly burdened by the production requests. Sea Tow aims to compel Mr. Hurley to produce documents

---

[3] Doc. 314 in 20cv2877-WFK-SIL.

to test the Jaegers' claim that Sea Tow's wrongful termination damaged their maritime business. Sea Tow argues this allegation "makes the actual state of the Jaegers' post-termination commercial activity a central issue in the EDNY action" and that "Mr. Hurley, as an operational participant in that business, is a primary source of" the Jaegers' post-termination commercial activity. Mr. Hurley contends the requested search is overly burdensome and that the same information can be obtained from the parties in the case.

The burden imposed on Mr. Hurley outweighs Sea Tow's need for this document discovery from Mr. Hurley. Because Mr. Hurley is a nonparty to the case, the court is reluctant to require Mr. Hurley to search all of his electronic communications going back to June 2020. *See Costa*, 2018 WL 1635642 at *5 ("The status of the person as a non-party is a factor weighing against disclosure.") (quotation omitted). In addition, the breadth and time period covered by the subpoena are significant; Sea Tow requests "any and all documents" over the course of six years related to maritime business between six categories of people or entities. Further, the sought after documentation should be available to Sea Tow through Rule 34 requests to the Jaegers, who are parties to the case. *See StoneEagle Services, Inc. v. Pay-Plus Sols., Inc.*, No. 8:13-CV-2240-T-33MAP, 2014 WL 12621582 at *2 (M.D. Fla. June 13, 2014) (quashing the non-party subpoena "in light of the fact the parties have not

5

produced documents to each other yet, and because the non-party request propounded are overbroad and burdensome."); *AssuredPartners, LLC v. Edgewood Partners Ins. Ctr., Inc.*, No. 4:24-CV-01711 SEP, 2025 WL 1797460 at \*2 (E.D. Mo. June 27, 2025) ("a  subpoena is unduly burdensome on a non-party if the information can be obtained from a party to the litigation."); *cf. Bozeman v. Chartis Cas. Co.*, No. 2:10-CV-102-FTM-36, 2010 WL 4386826 at \*4 (M.D. Fla. Oct. 29, 2010) (rejecting the non-party's undue burden objection because the defendant "has shown a need for the documents that cannot be obtained from any other source.").

Accordingly, the Motion to Enforce the Subpoena and Compel Production of Documents and Deposition Testimony (Doc. 1) is **GRANTED** in part and **DENIED** in part. Mr. Hurley must attend the deposition at a mutually agreeable date and time prior to April 23, 2026 at a location within 30 miles of his residence. However, to protect Mr. Hurley from undue burden, he is not required to produce the requested six years of documentation.

**ORDERED** in Tampa, Florida on March 27, 2026.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge

6